IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH JOHN ANDERSON
             *
   Plaintiff,
 v.           * CIVIL ACTION NO. AW-07-543

JOSEPH E. MOTHERSWAY   *
MOTHERSWAY & SONS REMODELING

   Defendants.  *
             ***

**MEMORANDUM**

  Keith John Anderson ("Anderson"), who lists a Germantown, Maryland residential address, filed this 28 U.S.C. § 1332 Complaint against Defendants, claiming that he entered into an agreement with Joseph E. Mothersway ("Mothersway") whereby Anderson would be paid wages for remodeling work done on a condominium and Mothersway would charge Anderson a nominal fee for living in and fixing up another condominium. Paper No. 1. Anderson claims that after two months of working on the property, Mothersway stopped bringing home improvement materials, gave Anderson a week to move out, and failed to pay him the $7,000.00 and $10,000.00 owed for work completed. *Id*. Because he appears indigent, Anderson shall be granted leave to proceed in forma pauperis. His Complaint shall, however, be dismissed for lack of subject matter jurisdiction.

  When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 2221

(1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). The undersigned observes that both Anderson and Defendants reside in Maryland. Thus, the Complaint cannot meet federal diversity requirements. Further, even if Anderson could establish that he was domiciled in a different jurisdiction from both Defendants, his Complaint, seeking a maximum of $17,000.00 in damages, does not meet the jurisdictional amount of $75,000.00. *See* 28 U.S.C. § 1332(a) (in diversity matter the amount in controversy must exceed the sum or value of $75,000.00). Therefore, the case shall be dismissed pursuant to Rule 12(h)(3).[1] A separate Order shall be entered in accordance with this Memorandum.

Date: July 24, 2007                                      /s/
                                              Alexander Williams, Jr.
                                              United States District Judge

---

[1] To the extent that Anderson is seeking to invoke this Court's federal question jurisdiction, his Complaint is likewise subject to dismissal. Title 28 U.S.C. § 1331 provides that district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The facts set out in the cause of action allege a breach of contract at best and do not implicate the treaties or laws of the United States or constitutional issues.